SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

December 18, 2019

N443 - STATE MAIL

Russell P. Carter
SBI# 00206856
James T. Vaughn Correctional
1181 Paddock Road
Smyrna, DE 19977

2019 DEC 18 A 9: 20 FILED PROTHONOTARY SUSSEX COUNTY

> Re:  *State of Delaware v. Russell P. Carter*
> Def. ID# 1511003808
> Motion for Postconviction Relief - R1

Dear Mr. Carter:

This is my decision on your Motion for Postconviction Relief filed on

October 4, 2019, pursuant to Superior Court Criminal Rule 61 (the "Motion"). On

May 19, 2016, you pled guilty to the felony offense of Drug Dealing (Tier 4) and

were sentenced to 25 years at supervision level 5 with credit for 6 days previously

served, suspended after 10 years for 18 months at supervision level 3. You were

ordered to report to the Sussex Correctional Institution ("SCI") to begin serving

your sentence on July 5, 2016. You failed to report to SCI by that date and a

capias warrant for your arrest was issued on July 8, 2016. You were returned to

State custody on September 12, 2018, and were held without bail pending a review of your sentence. At the Review of Sentencing hearing on November 1, 2018, your sentence was modified to 25 years at supervision level 5 with credit for 90 days previously served, suspended after 11 years for 18 months at supervision level 3.

Your Motion raises several arguments attacking the validity of your plea agreement and the effectiveness of your trial counsel. First, you claim that your due process rights were violated by your "illegal extradition" to the Federal Government while in State custody (Ground I). Second, you raise contract law issues and fundamental fairness concerns with regard to your plea agreement. You claim that your conviction should be reversed and your sentence vacated because the agreed terms of your plea with the State were for a deferred sentencing date of July 5, 2016, but you were instead immediately sentenced with a deferred report date of July 5, 2016 (Grounds II and III). Third, you argue that your trial counsel was ineffective because he allowed you to enter into a plea agreement while certain evidentiary matters were pending in your case (Ground IV). Fourth, you claim that the State violated your due process rights by failing to disclose certain "exculpatory evidence" prior to your acceptance of the plea agreement (Ground V). Fifth, you allege that the Trial Court and your trial counsel engaged in an "ex

parte communication" that undermined your defense (Ground VI).

This is your first motion for postconviction relief. When faced with such a claim I must first determine whether any procedural bars prevent a consideration on the merits of any underlying arguments.[1] Superior Court Criminal Rule 61 requires that a motion for postconviction relief be filed within one year of a final judgment of conviction.[2] This time bar does not apply to claims that a court lacked jurisdiction, that new evidence exists showing that the movant is actually innocent in fact, or that a new, retroactive constitutional rule applies to the movant's case thereby rendering the conviction invalid.[3]

After careful consideration of your Motion, I find that none of your claims fall within the above referenced exceptions to Rule 61's time bar. Therefore, your claims must have been raised within one year of your final judgment of conviction. You entered your guilty plea and received your sentence on May 19, 2016. Accordingly, I find that your Motion, filed on October 4, 2019, is untimely. Your assertion that your Motion is timely because it was filed within a year of your date of resentencing on November 1, 2018, is flawed. Only claims challenging the resentencing itself would have been timely had they been filed within a year of

---

[1] *Younger v. State,* 508 A.2d 552, 554 (Del. 1990).
[2] Super. Ct. Crim. R. 61(i)(1).
[3] *See* Super. Ct. Crim. R. 61(i)(5).

3

November 1, 2018. All of the claims in your Motion relate to the series of events that occurred leading up to your guilty plea on May 19, 2016. Your resentencing did not "re-set the post-conviction remedy clock" with respect to these claims.[4]

Therefore, for the reasons set forth above, I find that your Motion for Postconviction Relief must be **DENIED**. IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB/tll

cc:  Prothonotary

---

[4] *See State v. Jones*, 2016 WL 7338591, at *6 (Del. Super. Dec. 16, 2016).